UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Pamela Myers, Philadelphia, PA; Darryl Williams, Darby, PA; Wyatt Seals, Philadelphia, PA

Address of Defendant: Jani-King of Pennsylvania, Inc., Norristown, PA; Jani-King, Inc. & Jani-King International, Inc., Addison, TX

Place of Accident, Incident or Transaction: Philadelphia County as alleged in complaint

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐ No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐ No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) CAFA

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Craig R. Tractenberg _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: April 23, 2009     _____ Attorney-at-Law     34636     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 23, 2009     _____ Attorney-at-Law     34636     Attorney I.D.#

12525189.1

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Pamela Myers, Darryl Williams and Wyatt Seals, Individually and on behalf of all others similarly situated | : : : : : | CIVIL ACTION NO. |
| v. Jani-King of Philadelphia, Inc., Jani-King, Inc. and Jani-King International, Inc. | : : : : : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

_4/24/09_  _[signature]_  _Defendants_
**Date**  **Attorney-at-law**  **Attorney for**

_(215) 246-3525_  _(866) 829-9268_  _ctractenberg@nixonpeabody.com_
**Telephone**  **Fax**  **E-Mail Address**

(Civ. 660) 10/02)
12525083.1

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Pamela Myers, Darryl Williams and Wyatt Seals

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael F. Barrett, David J. Cohen, Saltz Mongeluzzi Barrett & Bendesky, PC, 1650 Market St., 52nd Fl., Philadelphia, PA

## DEFENDANTS
Jani-King of Philadelphia, Inc., Jani-King, Inc. and Jani-King International, Inc.

County of Residence of First Listed Defendant: **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Arthur L. Pressman, Gregg A. Rubenstein, Nixon Peabody LLP, 100 Summer St., Boston, MA 02110 (617) 345-1000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                          | PTF | DEF |                                                                 | PTF | DEF |
|------------------------------------------|-----|-----|------------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State        | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State    | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                                   | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC section 1332**
Brief description of cause:
**Breach of contract, wage claims and other claims.**

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Unspecified
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

**DATE** 04/24/2009
**SIGNATURE OF ATTORNEY OF RECORD** _(signature)_

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Arthur L. Pressman (10124)
Gregg A. Rubenstein
Nixon Peabody LLP
100 Summer Street
Boston, MA 022110
617 345 1158
apressman@nixonpeabody.com
grubenstein@nixonpeabody.com

Craig R. Tractenberg (34636)
Nixon Peabody LLP
2 Penn Center Plaza
Philadelphia, PA 19102
215 246 3525
ctractenberg@nixonpeabody.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA MYERS, DARRYL WILLIAMS and WYATT SEALS,<br><br>                      Plaintiffs,<br><br>v.<br><br>JANI-KING OF PHILADELPHIA, INC., JANI-KING, INC. and JANI-KING INTERNATIONAL, INC.,<br><br>                      Defendants. | **NOTICE OF REMOVAL**<br><br>Case No. _____ |

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Pursuant to 28 U.S.C. § 1441 *et seq.*, defendants Jani-King of Philadelphia, Inc., Jani-King, Inc. and Jani-King International, Inc. give notice of the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. Removal is authorized by

28 U.S.C. § 1441, and is based on the United States District Court's original jurisdiction of the claim pursuant to 28 U.S.C. § 1332(d)(2). In support of this Notice, defendants state as follows:

1. The removing defendants are the sole defendants in a civil action filed on March 20, 2009 in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed at March Term 2009, No. 3550 (the "State Court Action").

2. On March 25, 2009, the complaint in the State Court Action was served upon defendant Jani-King of Philadelphia, Inc. No other defendant has yet been served.

3. Pursuant to 28 U.S.C. § 1446(b), the State Court Action is removed within 30 days of receipt or service of the initial pleading setting forth the claim for relief.

4. All defendants join in this removal of the State Court Action.

5. Pursuant to the provisions of 28 U.S.C. § 1446(a), all process, pleadings and orders served on defendants are attached as Exhibit A.

6. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the district court has original jurisdiction over the State Court Action. Section 1332(d)(2)(A) provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .

28 U.S.C. § 1332(d)(2)(A).

7. This case falls within § 1332(d) because:

    a. This action is a "class action" within the meaning of § 1332(d)(2)(A) because it is a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

    b. The amount in controversy in this case, measured by aggregating the claims of the individual class members under 28 U.S.C. § 1332(d)(6),

    exceeds the required sum of $5,000,000, exclusive of interest and costs. Plaintiffs allege that their putative class consists of more than 200 Pennsylvania citizens, each of whom purchased a franchise from one of the defendants. Each member of the putative class seeks rescission of franchise agreements he or she has signed, which includes return of fees paid, start up and continuing business costs, loss of fees to defendants in the future, and unspecified compensatory damages for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, violations of the Pennsylvania Wage Payment and Collection Law and violations of the Pennsylvania Minimum Wage Act. Given the extent of the damages sought by plaintiffs, the amount in controversy easily exceeds the sum of $5,000,000.

  c. The parties in this case satisfy the requirement of minimal diversity, because at least one "member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). At least one of the putative members of plaintiffs' class is a citizen of the Commonwealth of Pennsylvania and one or more of the defendants is a citizen of a state other than the Commonwealth of Pennsylvania.

8. Because the removing defendants have established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiffs to prove one of the exceptions to jurisdiction under § 1332(d)(3), (4). Pursuant to 28 U.S.C. § 1332(d), no exception to federal jurisdiction applies to this action because:[1]

  a. Under § 1332(d)(3), a court may decline to exercise jurisdiction if, among other requirements, "the primary defendants are citizens of the State in which the action was originally filed." But here, two of the primary defendants, Jani-King, Inc., and Jani-King International, Inc., are citizens of the state of Texas. Section 1332(d)(3) is therefore inapplicable.

  b. Under § 1332(d)(4)(B), a court must decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, *and the primary defendants*, are citizens of the State in which the action was originally filed." (Emphasis added.) Because two of the primary defendants, Jani-King, Inc., and Jani-King International, Inc., are citizens of the state of Texas, § 1332(d)(4)(B) is inapplicable.

---

[1] Plaintiffs' allegation in paragraph 13 of their complaint that "original jurisdiction over this matter does not lie in the federal courts pursuant to the jurisdictional exception provided at 28 U.S.C. § 1332(d)(4)(A)" is an incorrect legal conclusion entitled to no credit.

12524245.1

- 4 -

    c.    Finally, under § 1332(d)(4)(A), a court must decline to exercise jurisdiction if, among other requirements, "during the three-year period preceding the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." § 1332(d)(4)(A)(ii). Here, two other class actions asserting the same or similar allegations against defendants Jani-King, Inc. and Jani-King International, Inc. have been filed within the three-year period preceding the filing of the state court action, namely <u>De Giovanni et al. v. Jani-King, Inc. et al.</u>, which was filed on January 22, 2007 in the United States District Court for the District of Massachusetts, and <u>Moua et al. v. Jani-King, Inc, et al.</u> which was commenced in state court in Minnesota on July 16, 2008, and removed to the United States District Court of Minnesota. A copy of the Massachusetts complaint in attached as Exhibit B, and a copy of the Minnesota complaint is attached as Exhibit C.

9.    Pursuant to 28 U.S.C. § 1446(d), Defendants have notified the Court of Common Pleas of Philadelphia County and Plaintiffs of the removal of the State Court Action.

Dated: Boston, MA
April 24, 2009

*[signature]*
Arthur L. Pressman
Craig R. Tractenberg
Nixon Peabody LLP
One of the Attorneys for Defendants

12524245.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Notice of Removal has been served on April 24, 2009, upon all counsel or parties as listed below by delivering a true and exact copy of the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

> Michael F. Barrett
> Daniel J. Cohen
> SALTZ MONGELUZZI BARRETT & BENDESKY, P.C.
> 1650 Market Street, 52nd Floor
> Philadelphia, PA 19103 and
>
> Shannon Liss-Riordan
> Hillary Schwab
> PYLE, ROME, LICHTEN, EHRENBERG &
> LISS-RIORDAN, P. C.
> 18 Tremont Street, Suite 500
> Boston, MA 02108
>
> *Attorneys for Plaintiffs*

Craig R. Tractenberg
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110