SALTZ MONGELUZZI
BARRETT & BENDESKY PC
TRIAL LAWYERS

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
PLAZA 1000 AT MAIN STREET
SUITE 206
VOORHEES, NJ 08043
VOICE 856.751.8383
FAX 856.751.0868

DAVID J. COHEN
DIRECT DIAL (215) 575.3985
DCOHEN@SMBB.COM

June 2, 2009

*Via* **Hand Delivery and ECF Filing**

Hon. R. Barclay Surrick
U.S.D.C. for the Eastern District of Pennsylvania
601 Market Street, Room 8614
Philadelphia, PA 19106-1717

Re:   *Myers et al. v. Jani-King of Philadelphia, Inc. et al.*, Case 2:09-cv-01738-RBS
      **Reply in Support of Plaintiffs' Motion for Remand**

Dear Judge Surrick:

    Plaintiffs filed a Motion to Remand this case to the Philadelphia County Court of Common Pleas on May 14, 2009 [Dkt. No. 6]. Defendants filed an Opposition to Motion to Remand on May 27, 2009 [Dkt. No. 14]. I respectfully submit this letter to elaborate on the two points raised in Defendants' Opposition.

    First, Plaintiffs have given the Court a reasonable basis to hold that "greater than one-third but less than two-thirds" of the Class members are citizens of Pennsylvania so that it can engage in the discretionary remand analysis at 28 U.S.C. §1332(d)(3). Plaintiffs have provided a "snapshot" of Jani-King of Philadelphia Inc.'s franchisees as of April 2007 that shows a roughly 3:1 ratio between Pennsylvania franchisees and franchisees in other states. *See Exhibit A*. This document permits the Court to find the §1332(d)(3) citizenship allocation requirement satisfied, and supports a discretionary remand "in the interests of justice." *See Hirschbach v. NVE Bank,* 496 F. Supp. 2d 451, 458-62 (D.N.J. 2007); *Mattera v. Clear Channel Communications, Inc.,* 239 F.R.D. 70, 80-81 (S.D.N.Y. 2006). Defendants could clearly have produced a list of Jani-King of Philadelphia, Inc. franchisees for the entire Class period to refute this conclusion, but chose not to do so. As a result, the Court is entitled to proceed with its analysis of the factors listed at 28 U.S.C. §1332(d)(3)(A)-(F) to determine whether remand is proper.

SALTZ MONGELUZZI
BARRETT & BENDESKY PC
TRIAL LAWYERS

Hon. R. Barclay Surrick
Page 2
June 2, 2009

---

    Second, Plaintiffs have given the Court a reasonable basis to hold that the primary Defendants are citizens of Pennsylvania so that it can engage in the discretionary remand analysis at 28 U.S.C. §1332(d)(3). According to the Pennsylvania Department of State, Jani-King of Philadelphia, Inc. is a Texas corporation with its registered office in Pennsylvania. *See Exhibit B.* This is sufficient to establish that Jani-King of Philadelphia, Inc. is a citizen of Pennsylvania. *See Coyle v. Keystone Fireworks Manufacturing Company, Inc.*, 204 F. Supp. 743, (E.D. Pa. 1962) (registered office in Pennsylvania indicates that defendant is a Pennsylvania corporation). Plaintiffs have also explained that the three Defendants have overlapping corporate officers, and failed to maintain a degree of corporate separation that would permit them to claim different citizenship. *See* Motion to Remand, pp. 4-6. Defendants' lack of corporate separation – demonstrated by the fact that all of the correspondence, communications, complaints, payments, supervision, and work assignments Plaintiffs and the Class members received from "Jani-King" originated from its Pennsylvania office – permits this Court to consider all three Defendants residents of Pennsylvania. *See Bonar, Inc. v. Schottland*, 631 F. Supp. 990, 997-98 (E.D. Pa. 1986) (imputing citizenship of parent to subsidiary where the business of both was identical, and their formal separation was "merely a corporate fiction"). As a result, particularly where Plaintiffs have only pled claims under Pennsylvania law, this case is a local dispute worthy of remand "in the interests of justice" pursuant to 28 U.S.C. §1332(d)(3)(A)-(F).

    Thank you for your kind attention to this matter.

Respectfully submitted,

David J. Cohen

cc: All record counsel *via* ECF