IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA MYERS, DARRYL :
WILLIAMS, AND WYATT SEALS, :
INDIVIDUALLY AND ON BEHALF :
OF ALL OTHERS SIMILARLY :
SITUATED, :
: CIVIL ACTION
v. :
: NO. 09-1738
JANI-KING OF PHILADELPHIA, INC., :
ET AL. :

SURRICK, J.                                                         AUGUST 4, 2009

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion to Remand to the Philadelphia Court of Common Pleas. (Doc. No. 6.) For the following reasons, the Motion will be denied.

### I.   BACKGROUND

On March 20, 2009, Plaintiffs Pamela Myers, Darryl Williams, and Wyatt Seals filed a class action against Defendants Jani-King of Philadelphia, Inc., Jani-King, Inc., and Jani-King International, Inc. in the Philadelphia County Court of Common Pleas. Plaintiffs allege, on behalf of themselves and all others similarly situated, that Defendants sold them rights to Defendants' cleaning services franchise and that the franchise agreements that secured those rights were, in reality, illegal employment agreements. The Complaint sets forth the following claims: violation of the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.101 *et seq.* (Count One); violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1 *et seq.* (Count Two); breach of contract (Count Three); breach of the duty of good faith and fair dealing (Count Four); and unjust enrichment (Count Five).

ENTERED
AUG 5 2009
CLERK OF COURT

Defendant Jani-King of Philadelphia, Inc., is a Texas corporation with its principal place of business in Pennsylvania. (Compl. ¶ 6.) Defendants Jani-King, Inc., and Jani-King International, Inc., are Texas corporations with principal places of business in Texas. (*Id.* ¶¶ 7-8.) The named Plaintiffs are all residents of Pennsylvania. (*Id.* ¶¶ 3-5.) The proposed class consists of a "all persons who performed cleaning services for Defendants in Pennsylvania from March 20, 2006 to the present." (*Id.* ¶ 15.) Using the Franchise List of April 2007, Plaintiffs calculate that the group of potential class members from the first year of the class period consists of about 185 individuals with addresses in Pennsylvania and about 61 with addresses outside of Pennsylvania. (Doc. No. 11 at 4; *see id.*, Ex. A (listing names and addresses of potential class members).)

On April 24, 2009, Defendants removed the action to this Court based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), which confers original jurisdiction on district courts to hear "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, [that] is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." (*See* Doc. No. 1.) Defendants contend that Plaintiffs' suit satisfies CAFA's requirements, including the $5 million amount in controversy requirement and the minimal diversity requirement. (Doc. No. 1 ¶ 7.) Plaintiffs concede that they are they are "hard-pressed" to challenge Defendants' assertion that this Court has jurisdiction under CAFA. (Doc. No. 11 at 2.) The instant Motion to Remand seeks remand to the Common Pleas Court based on one of the statutorily enumerated exceptions to CAFA's grant of original jurisdiction to federal courts.

2

## II. DISCUSSION

Congress enacted CAFA to "'(1) assure fair and prompt recoveries for class members with legitimate claims; (2) restore the intent of the framers of the United States Constitution by providing for federal court consideration of interstate cases of national importance under diversity jurisdiction; and (3) benefit society by encouraging innovation and lowering consumer prices.'" *Morgan v. Gay*, 471 F.3d 469, 473 n.3 (3d Cir. 2006) (quoting 28 U.S.C. § 1711 note). CAFA provides exceptions to the grant of diversity jurisdiction contained in 28 U.S.C. § 1332(d)(2) for home-state controversies and local controversies. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 154-55 (3d Cir. 2009); *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 513-14 & n.9 (E.D. Pa. 2007); *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 458 (D.N.J. 2007). The home-state controversy exception can, depending on the facts, be discretionary or mandatory, while the local controversy exception is mandatory. *See* 28 U.S.C. § 1332(d)(3) (setting out requirements for discretionary home-state controversy exception); *id.* § 1332(d)(4)(A) (setting out requirements for mandatory local controversy exception); *id.* § 1332(d)(4)(B) (setting out requirements for mandatory home-state controversy exception); *see also Hirschbach*, 496 F. Supp. 2d at 458-59 (observing that "[t]he home state exception has both a mandatory and a discretionary facet"). The party seeking remand bears the burden of establishing the exceptions to CAFA jurisdiction. *Anthony*, 535 F. Supp. 2d at 513 ("[T]he burden of proof to establish the home state controversy CAFA exception is on the party seeking to invoke the exception."); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007); *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679-80 (7th Cir. 2006); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 545 (5th Cir. 2006); *Evans v. Walter Indus., Inc.*, 449 F.3d

1159, 1164 (11th Cir. 2006).

Defendants' notice of removal sets forth facts sufficient to confer jurisdiction on this Court pursuant to CAFA. (*See* Doc. No. 1 ¶ 7 (explaining why Plaintiffs' suit satisfies the requirements of 28 U.S.C. § 1332(d)(2)).) Plaintiffs do not challenge those facts. Rather, Plaintiffs request that we remand the case under the six factor test set out in § 1332(d)(3)'s discretionary home-state controversy exception. (Doc. No. 11 at 1.) We cannot apply the six-factor test, however, because Plaintiffs identify facts that deprive us of the discretion afforded by § 1332(d)(3).

A district court's discretion to decline CAFA jurisdiction extends only to those actions "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes and the primary defendants are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3). Plaintiffs calculate that the group of potential class members from the first year of the class period consists of 246 individuals: 185 with Pennsylvania addresses and 61 with addresses outside Pennsylvania. (*See* Doc. No. 11 at 4.) Plaintiffs suggest that although these numbers are an approximation for the entire class, they are an appropriate basis for estimating the class composition. (*Id.*) Thus, according to Plaintiffs' own calculations, roughly three quarters (75.2%) of the potential class members are likely to be citizens of Pennsylvania. Since CAFA only affords district courts discretion over those actions where between one-third (33.3%) and two-thirds (66.7%) of the plaintiffs are citizens of the state in which the suit was originally filed, we have no discretion to determine whether remand is

4

appropriate.[1]

Cases in which greater than two-thirds of the plaintiffs are citizens of the state in which the suit was originally filed potentially implicate CAFA's mandatory home-state controversy and local controversy exceptions. *See* 28 U.S.C. §§ 1332(d)(4)(A), (B). Plaintiffs invoke the mandatory exceptions as a grounds for state-court jurisdiction in the Complaint, but do not invoke the mandatory exceptions in the instant Motion to Remand. (*See* Compl. ¶ 13 ("Original jurisdiction in this matter does not lie in the federal courts pursuant to the jurisdictional exception provided at 28 U.S.C. § 1332(d)(4).").) By not invoking the issue in the instant Motion, Plaintiffs appear to have abandoned it. Based on the record and the clear language of CAFA, this was an appropriate choice.

The local controversy exception deprives district courts of jurisdiction over class actions only when "no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons" during the three-year period preceding the filing of the class action. 28 U.S.C. § 1332(d)(4)(A)(ii). The parties agree that two class actions asserting similar allegations against at least one of the Defendants had been filed within three years of Plaintiffs' filing their suit: *De Giovanni v. Jani-King International, Inc.*,

---

[1] *See Grimmelmann v. Pulte Home Corp.*, No. 08-1878, 2009 U.S. Dist. LEXIS 38261, at *6 (E.D. Ariz. May 1, 2009) (determining that court could not exercise discretion over CAFA jurisdiction because all the plaintiffs were residents of Arizona); *Coffey v. Freeport-McMoran Copper & Gold Inc.*, No. 08-0460, 2009 U.S. Dist. LEXIS 35624, at *27 n.4 (W.D. Okla. Apr. 27, 2009) (expressing doubt that jurisdiction was appropriate under § 1332(d)(3) because all the plaintiffs were citizens of Oklahoma); *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1318 & n.3 (M.D. Fla. Aug. 29, 2008) (noting that § 1332(d)(3) was inapplicable because all the plaintiffs were citizens of Florida); *Laws v. Priority Tr. Servs. of N.C., L.L.C.*, No. 08-CV-103, 2008 U.S. Dist. LEXIS 84758, at *17 (W.D.N.C. Aug. 11, 2008) (determining that § 1332(d)(3) was inapplicable where the plaintiffs alleged that "two-thirds or more" of the class were residents of North Carolina).

No. 07-10066 (D. Mass. 2007), and *Moua v. Jani-King of Minnesota, Inc.*, No. 08-4942 (D. Minn. 2008). (*See* Doc. No. 11 at 9 ("Plaintiffs are aware of two class action cases filed in the past three years that include allegations and claims similar to those pled here.").) Accordingly, the mandatory local controversy exception does not apply to Plaintiffs' case.

The mandatory home-state controversy exception, which requires that the "primary defendants" be citizens of the State in which the action was originally filed, also does not apply. *See* 28 U.S.C. § 1332(d)(4)(B). Jani-King, Inc., and Jani-King International, Inc., are both primary defendants. *See Anthony*, 535 F. Supp. 2d at 515-16 (explaining that "'primary defendants' . . . are 'those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are . . . those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification'" (quoting *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 U.S. Dist. LEXIS 85285, at *56 (S.D. Ill. Nov. 22, 2006))); *see also Moua v. Jani-King of Minn., Inc.*, No. 08-4942, 2009 U.S. Dist. LEXIS 6238, at *8-13 (D. Minn. Jan. 27, 2009) (determining, in a suit alleging similar conduct, that Jani-King International, Inc., was a primary defendant under the home-state controversy exception to CAFA). The Complaint apportions liability among Defendants equally without distinguishing one from another. For example, the Complaint alleges that

> [d]uring the relevant period, Defendants have been an integrated enterprise with common owners, inter-related operations, common management, and centralized control of labor relations and personnel management. Defendants have operated one of the largest commercial cleaning companies in the world, with roughly 12,000 franchisees and 100 regional support centers.

(Compl. ¶ 9.) The Complaint also seeks the same relief from Defendants as a group. (*See id.* ad damnum cls. pp. 18-19, 21-22, 28, 29-30, 31.) Neither Jani-King, Inc., nor Jani-King International, Inc., is a citizen of Pennsylvania; both are citizens of Texas. (*See id.* ¶¶ 7-8.)

Therefore, the mandatory home-state controversy exception does not apply to Plaintiffs' case.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand to the Philadelphia County Court of Common Pleas will be denied.

An appropriate Order will follow.

BY THE COURT:

R. Barclay Surrick, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA MYERS, DARRYL WILLIAMS, AND WYATT SEALS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>v.<br><br>JANI-KING OF PHILADELPHIA, INC., ET AL. | CIVIL ACTION<br><br>NO. 09-1738 |

**ORDER**

AND NOW, this 4th day of August, 2009, upon consideration of Plaintiffs' Motion to Remand to the Philadelphia Court of Common Pleas, (Doc. No. 6), and all papers submitted in support thereof and opposition thereto, it is ORDERED the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, J.

ENTERED
AUG 5 2009
CLERK OF COURT