## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA MYERS, DARRYL WILLIAMS and WYATT SEALS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.:  09-cv-01738-RBS |
| | : | |
| JANI-KING OF PHILADELPHIA, INC., JANI-KING, INC. and JANI-KING INTERNATIONAL, INC., | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANTS JANI-KING OF PHILADELPHIA, INC., JANI-KING, INC., AND JANI-KING INTERNATIONAL, INC. TO COMPLAINT

Defendants Jani-King of Philadelphia, Inc., Jani-King, Inc., and Jani-King International, Inc. (collectively "Defendants") respond to Plaintiffs' Complaint as follows.  Defendants deny each and every allegation of the Complaint unless specifically admitted or otherwise qualified below.

### NATURE OF ACTION

1.  Defendants deny the allegations contained in Paragraph 1.

2.  With respect to the allegations contained in Paragraph 2, Defendants state that Plaintiffs' statements regarding their purported class contain allegations of law to which no responsive pleading is required.  Defendants deny that they have violated the Pennsylvania Minimum Wage Act of 1968 or the Pennsylvania Wage Payment and Collection Law. Defendants deny the remainder of the allegations contained in Paragraph 2.

3.  With respect to the allegations contained in Paragraph 3, Defendants lack information sufficient to admit or deny that Plaintiff Pamela Myers is a Pennsylvania resident.

Jani-King admits that Myers owned and operated a Jani-King® franchise.  Defendants deny the remaining allegations contained in Paragraph 3.

4.     With respect to the allegations contained in Paragraph 4, Defendants lack information sufficient to admit or deny that Plaintiff Daryl Williams is a Pennsylvania resident. Jani-King admits that Williams owned and operated a Jani-King® franchise.  Defendants deny the remaining allegations contained in Paragraph 4.

5.     With respect to the allegations contained in Paragraph 5, Defendants lack information sufficient to admit or deny that Plaintiff Wyatt Seals is a Pennsylvania resident. Jani-King admits that Seals owned and operated a Jani-King® franchise.  Defendants deny the remaining allegations contained in Paragraph 5.

6.     Defendants admit the allegations contained in Paragraph 6.

7.     Defendants admit the allegations contained in Paragraph 7.

8.     Defendants admit the allegations contained in Paragraph 8.

9.     With respect to the allegations contained in Paragraph 9, Defendants state that this paragraph contains conclusions of law to which no responsive pleading is required.  Defendants admit that Jani-King of Philadelphia, Inc. has entered into Franchise Agreements with individuals, partnerships, and/or corporate entities in the Commonwealth of Pennsylvania. Pursuant to those Franchise Agreements, Jani-King of Philadelphia, Inc.'s franchise owners have operated commercial cleaning businesses.  Defendants deny the remaining allegations contained in Paragraph 9.

Philadelphia 68953.1

## JURISDICTION AND VENUE

10.     With respect to the allegations contained in Paragraph 10, Defendants admit that they are subject to jurisdiction before this Court with respect to the claims raised by Plaintiffs' Complaint.  Defendants deny the remaining allegations contained in Paragraph 10.

11.     With respect to the allegations contained in Paragraph 11, Defendants admit that this Court has subject matter jurisdiction over this lawsuit.  Defendants deny the remaining allegations contained in Paragraph 11.

12.     Defendants deny the allegations contained in Paragraph 12.

13.     Defendants deny the allegations contained in Paragraph 13.

14.     Defendants deny the allegations contained in Paragraph 14.  Defendants recognize that this Court ruled on the forum selection clause issue in its December 5, 2012, Order but continue to deny that this Court represents the proper forum for this dispute.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

15.     With respect to the allegations contained in Paragraph 15, Defendants acknowledge the class identified by Plaintiffs but deny that such a class is appropriate in this case.  Defendants deny the remainder of the allegations contained in Paragraph 15.

16.     With respect to the allegations contained in Paragraph 16, Defendants deny that the proposed class is appropriate.  Defendants admit that Plaintiffs own Jani-King franchises and that the identities of putative class members could be identified using records in Defendants' control, and those records would contain addresses for the class members that may or may not be current.  Defendants deny the remainder of the allegations contained in Paragraph 16.

17.     Defendants deny the allegations contained in Paragraph 17.

18.     Defendants deny the allegations contained in Paragraph 18 and its subparts.

19.     With respect to the allegations contained in Paragraph 19, Defendants deny that Plaintiffs or the class members they describe are Defendants' "employees."  Rather, all Jani-King of Philadelphia, Inc. franchise owners are independent business persons or entities that operate their own businesses such that they are independent contractors, not employees. Defendants deny the remaining allegations contained in Paragraph 19.

20.     With respect to the allegations contained in Paragraph 20 and its subparts, Defendants state that this paragraph and subparts contain allegations of law to which no responsive pleading is required.  To the extent Paragraph 20 and its subparts contain allegations of fact, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of those factual assertions.

21.     With respect to the allegations contained in Paragraph 21 and its subparts, Defendants state that this paragraph and its subparts contain allegations of law to which no responsive pleading is required.  To the extent Paragraph 21 and its subparts contain allegations of fact, Defendants admit that no class action litigation has been commenced in Pennsylvania against Jani-King that addresses the issues raised here.  Defendants deny the remainder of the allegations contained in Paragraph 21.

22.     Defendants deny the allegations contained in Paragraph 22.

23.     Defendants deny the allegations contained in Paragraph 23.

## EMPLOYMENT STATUS ALLEGATIONS

24.     With respect to the allegations contained in Paragraph 24, Defendants deny that they operate a business that provides cleaning services to commercial clients.  Defendants state that Jani-King of Philadelphia, Inc. operates a business through which it issues franchises to

independent business people and entities to operate commercial cleaning businesses. Defendants deny the remaining allegations contained in Paragraph 24.

25.     With respect to the allegations contained in Paragraph 25, Defendants admit that Jani-King of Philadelphia, Inc. operates a business through which it issues franchises to independent business people and entities to operate commercial cleaning businesses. Defendants deny the remaining allegations contained in Paragraph 25.

26.     With respect to the allegations contained in Paragraph 26 and its subparts, the terms of the Franchise Agreements entered between Jani-King of Philadelphia, Inc. and the members of Plaintiffs' proposed class speak for themselves and set forth the rights and responsibilities of the parties to those contracts. Defendants deny any characterization of those agreements that is inconsistent with their terms. Defendants deny the remaining allegations contained in Paragraph 26 and its subparts.

27.     With respect to the allegations contained in Paragraph 27 and its subparts, the terms of the Franchise Agreements entered between Jani-King of Philadelphia, Inc. and the members of Plaintiffs' proposed class speak for themselves and set forth the rights and responsibilities of the parties to those contracts. Defendants deny any characterization of those agreements that is inconsistent with their terms. Defendants deny the remaining allegations contained in Paragraph 27 and its subparts.

28.     With respect to the allegations contained in Paragraph 28 and its subparts, the terms of the Franchise Agreements entered between Jani-King of Philadelphia, Inc. and the members of Plaintiffs' proposed class speak for themselves and set forth the rights and responsibilities of the parties to those contracts. Defendants deny any characterization of those

agreements that is inconsistent with their terms. Defendants deny the remaining allegations contained in Paragraph 28 and its subparts.

29.     With respect to the allegations contained in Paragraph 29 and its subparts, the terms of the Franchise Agreements entered between Jani-King of Philadelphia, Inc. and the members of Plaintiffs' proposed class speak for themselves and set forth the rights and responsibilities of the parties to those contracts.  Defendants deny any characterization of those agreements that is inconsistent with their terms. Defendants deny the remaining allegations contained in Paragraph 29 and its subparts.

**COUNT I**
**Violation of the Pennsylvania Minimum Wage Act**

30.     Defendants incorporate herein by reference their responses to the preceding Paragraphs 1-29.

31.     Defendants deny the allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32.

33.     Defendants deny the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

35.     Defendants deny the allegations contained in Paragraph 35.

36.     Defendants deny the allegations contained in Paragraph 36.

37.     Defendants deny the allegations contained in Paragraph 37.

38.     With respect to the allegations of Paragraph 38, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 38.

39.     Defendants deny the allegations contained in Paragraph 39.

40.     With respect to the allegations contained in Paragraph 40, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 40.

41.     Defendants deny the allegations contained in Paragraph 41.

42.     Defendants deny the allegations contained in Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     With respect to the allegations contained in Paragraph 44 and its subparts, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 44 and its subparts.

Defendants acknowledge the relief sought by Plaintiffs at the conclusion of Count I, but deny that Plaintiffs are entitled to such relief.

## COUNT II
### Violation of the Pennsylvania Wage Payment and Collection Law

45.     Defendants incorporate herein by reference their responses to the preceding Paragraphs 1-44.

46.     Defendants deny the allegations contained in Paragraph 46.

47.     Defendants deny the allegations contained in Paragraph 47.

48.     With respect to the allegations contained in Paragraph 48, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 48.

49.     Defendants deny the allegations contained in Paragraph 49.

50.     Defendants deny the allegations contained in Paragraph 50.

51.     Defendants deny the allegations contained in Paragraph 51.

Philadelphia 68953.1

52.     Defendants deny the allegations contained in Paragraph 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54.

55.     Defendants deny the allegations contained in Paragraph 55.

56.     With respect to the allegations contained in Paragraph 56, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 56.

57.     Defendants deny the allegations contained in Paragraph 57.

58.     Defendants deny the allegations contained in Paragraph 58.

59.     Defendants deny the allegations contained in Paragraph 59.

60.     With respect to the allegations contained in Paragraph 60, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 60.

61.     With respect to the allegations contained in Paragraph 61, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 61.

Defendants acknowledge the relief sought by Plaintiffs at the conclusion of Count II, but deny that Plaintiffs are entitled to such relief.

## COUNT III
## Breach of Contract

62.     Defendants incorporate herein by reference their responses to the preceding Paragraphs 1-61.

8

63.    With respect to the allegations contained in Paragraph 63, Defendants state that this Paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 63.

64.    With respect to the allegations contained in Paragraph 64, Defendants admit that the relationship between Jani-King of Philadelphia, Inc. and its franchisees is governed in part by Franchise Agreements, a Uniform Franchise Offering Circular and/or Franchise Disclosure Document, and a Policies and Procedures Manual.  Defendants deny that Plaintiffs or the proposed class members provided cleaning services for Defendants, as Jani-King of Philadelphia, Inc.'s franchisees operated their own independent cleaning businesses.  Defendants deny the remainder of the allegations contained in Paragraph 64.

65.    With respect to the allegations contained in Paragraph 65, Defendants state that the Franchise Agreements at issue speak for themselves, and deny any characterization of those documents inconsistent with their terms.

66.    With respect to the allegations contained in Paragraph 66, Defendants admit that the Franchise Agreements, Uniform Franchise Offering Circulars and/or Franchise Disclosure Documents, and Policies and Procedures Manuals define some of the obligations imposed on franchisees of the Jani-King® franchise system.  Defendants deny the remaining allegations contained in Paragraph 66.

67.    With respect to the allegations contained in Paragraph 67, Defendants state that the Franchise Agreements at issue speak for themselves, and deny any characterization of those documents inconsistent with their terms.

68.     With respect to the allegations contained in Paragraph 68, Defendants state that the Franchise Agreements at issue speak for themselves, and deny any characterization of those documents inconsistent with their terms.

69.     With respect to the allegations contained in Paragraph 69, Defendants state that the Franchise Agreements at issue speak for themselves, and deny any characterization of those documents inconsistent with their terms.

70.     With respect to the allegations contained in Paragraph 70, this paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants state that the allegations of this paragraph are specific to each member of the proposed class and cannot be answered in the aggregate.  Accordingly, Defendants deny the allegations contained in Paragraph 70.

71.     Defendants deny the allegations contained in Paragraph 71.

72.     Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants deny the allegations contained in Paragraph 74.

75.     Defendants deny the allegations contained in Paragraph 75.

76.     Defendants deny the allegations contained in Paragraph 76.

77.     Defendants deny the allegations contained in Paragraph 77.

Defendants acknowledge the relief sought by Plaintiffs at the conclusion of Count III, but deny that Plaintiffs are entitled to such relief.

## COUNT IV
## Breach of the Duty of Good Faith and Fair Dealing

78.     Defendants incorporate herein by reference their responses to the preceding Paragraphs 1-77.

79.     With respect to the allegations contained in Paragraph 79, this paragraph contains allegations of law to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 79.

80.     Defendants deny the allegations contained in Paragraph 80.

81.     Defendants deny the allegations contained in Paragraph 81.

Defendants acknowledge the relief sought by Plaintiffs at the conclusion of Count IV, but deny that Plaintiffs are entitled to such relief.

## COUNT V
## Unjust Enrichment

82.     Defendants incorporate herein by reference their responses to the preceding Paragraphs 1-81.

83.     With respect to the allegations contained in Paragraph 83, Defendants admit that Plaintiffs and the proposed class members entered Franchise Agreements that required the payment of certain fees to Jani-King of Philadelphia, Inc.  The Franchise Agreements speak for themselves with respect to the fees owed.  Defendants deny any characterization of the Franchise Agreements that is inconsistent with their terms.  Defendants deny the remaining allegations contained in Paragraph 83.

84.     With respect to the allegations contained in Paragraph 84, Defendants admit that Plaintiffs and the proposed class members entered Franchise Agreements that required the payment of certain fees to Jani-King of Philadelphia, Inc.  The Franchise Agreements speak for

11

themselves with respect to the fees owed.  Defendants deny any characterization of the Franchise

Agreements that is inconsistent with their terms.  Defendants deny the remaining allegations

contained in Paragraph 84.

        85.      Defendants deny the allegations contained in Paragraph 85.

        86.      Defendants deny the allegations contained in Paragraph 86.

        87.      Defendants deny the allegations contained in Paragraph 87.

        88.      Defendants deny the allegations contained in Paragraph 88.

Defendants acknowledge the relief sought by Plaintiffs at the conclusion of Count V, but

deny that Plaintiffs are entitled to such relief.

## **AFFIRMATIVE DEFENSES**

        1.      Plaintiffs' claims are barred by releases.

        2.      Plaintiffs' claims are barred by their failure to state a claim upon which relief can

be granted.

        3.      Plaintiffs' claims are barred by the terms of their respective Franchise

Agreements with Jani-King of Philadelphia, Inc., which, among other things, specifically

authorize the fees they challenge.

        4.      Plaintiffs' wage-based claims are barred by the fact that they are independent

contractors.

        5.      Plaintiffs' claims are barred in whole or in part by the applicable statute of

limitations.

        6.      Plaintiffs' claims are barred by the contractual forum selection clause.

Philadelphia 68953.1

7.      To the extent that Defendants acted as alleged in the Complaint, their conduct was in good faith, justified, and taken for legitimate business reasons, and does not constitute a knowing or willful violation of the law.

8.      Plaintiffs' claims are barred by the doctrines of waiver, estoppel and/or laches.

9.      Joinder of the named plaintiffs is improper.

10.     Plaintiffs' claims are barred by their unclean hands.

11.     Plaintiffs' claims are barred by the availability of an adequate remedy at law.

12.     Plaintiffs' claims are barred in whole or in part because they cannot prove that their alleged damages occurred because of their alleged misclassification as independent contractors.

13.     Plaintiffs' claims are barred in whole or in part because the fees they challenge would be valid set-offs against wages, if Plaintiffs were employees.

14.     Plaintiffs' claims for damages for overtime are barred in whole or in part because they did not request or incur overtime, and because they are executive or managerial employees excluded from the overtime law.

                              Respectfully submitted,

                              FISHER & PHILLIPS LLP

Dated:  December 19, 2012              By:      s/ Todd Alan Ewan
                              Todd Alan Ewan, Esquire
                              Michael R. Galey, Esquire
                              Radnor Financial Center, Suite 650
                              201 King of Prussia Road
                              Radnor, Pennsylvania 19087
                              (610) 230-2150 (telephone)
                              (610) 230-2151 (facsimile)
                              tewan@laborlawyers.com
                              mgaley@laborlawyers.com
                                      and

13

Aaron D. Van Oort (*pro hac vice*)
Kerry L. Bundy (*pro hac vice*)
Eileen M. Hunter (*pro hac vice*)
Jason J. Stover (*pro hac vice* to be filed)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000 (telephone)
(612) 766-1600 (facsimile)
aaron.vanoort@faegrebd.com
kerry.bundy@faegrebd.com
eileen.hunter@faegrebd.com
jason.stover@faegrebd.com

*Attorneys for Defendants Jani-King of Philadelphia, Inc., Jani-King, Inc., and Jani-King International, Inc.*

Philadelphia 68953.1